IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRO MINERAL, LLC and<br>PRO MINERAL PARTNERS, LLC,<br><br>   *Plaintiffs*,<br><br>v.<br><br>ANDREW MARIETTA, VIRGINIA PORTER<br>ALLEN, BENJAMIN ALLEN III and<br>HYDROCARBON RESOURCES, L.P.,<br><br>   *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:21-CV-02773-E |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint (Defendants' Motion). (Doc. 23). After review of the relevant filings and applicable law, the Court finds and concludes that the Motion is GRANTED only as to (i) Plaintiffs' claims for civil conspiracy and breach of fiduciary duty and (ii) Plaintiffs' declaratory judgment claim. Otherwise, the Motion is DENIED as to Plaintiffs' remaining claims.

### I.   BACKGROUND

Plaintiffs initiated this litigation on November 9, 2021. (Doc. 1). As amended[1], Plaintiffs have asserted claims (i) for misappropriation of trade secrets under the Defend Trade Secrets Act (DTSA); (ii) for breach of contract; (iii) for civil conspiracy; (iv) for misappropriation of trade secrets under Texas Uniform Trade Secrets Act (TUTSA); and (vi) for declaratory judgment. (Doc. 17 at 12-20).

---

[1] Plaintiffs filed their First Amended Complaint on March 7, 2022. (Doc. 17).

Defendants Virginia Porter Allen (Virginia Allen) and Andrew Marietta previously worked at Pro Mineral Partners, LLC (Pro Mineral) as landmen. (Doc. 17 at 4). Plaintiffs allege that, prior to beginning work, Marietta and Virginia Allen entered "non-compete/non-disclosure agreements," which "regulat[ed] the use of confidential information that that Virginia Allen and Marietta came to possess as part of their work for Pro Mineral." (Doc. 17 at 4-5). Plaintiff alleges that—while employed at Pro Mineral—Marietta and Virginia Allen:

> were variously assigned to research title for potential oil and gas lease deals to be entered into by Pro Mineral, buy leases from the landowners, and negotiate the prices and lease terms. As part of these job responsibilities, Virginia Allen and Marietta were aware of certain properties that Pro Mineral was researching and planned to execute oil and gas leases. Specifically, Pro Mineral had assigned Virginia Allen and Marietta to research title in McIntosh County, Oklahoma, among other places. In addition to the locations of properties that Pro Mineral was researching and planned to execute leases, Pro Mineral also divulged, as part of their work, confidential business plans, information learned from operators and producers in the oil and gas field, contact information for potential customers, and previous title and other research done as part of Pro Mineral's business.

(Doc. 17 at 5).

Marietta and Virginia Allen resigned from employment with Pro Mineral on May 20 and 21, 2019, respectively. (Doc. 17 at 4). Plaintiffs allege that Marietta and Virginia Allen disclosed trade secrets and confidential business information to Defendants Benjamin Allen III[2] and Hydrocarbon Resources, L.P. (HRLP). (Doc. 17 at 6-12). Plaintiffs allege Defendants worked in concert to execute oil and gas leases on "at least 13" tracts in Oklahoma—"in the exact tracts that Pro Mineral had instructed [Virginia] Allen and Marietta to research." (Doc. 17 at 6).

Defendants moved to dismiss Plaintiffs' First Amended Complaint. (Doc. 23). Plaintiffs have responded, (Doc. 26), and Defendants have submitted a reply. (Doc. 27). Having been fully briefed, Defendant's Motion is ripe for consideration.

---

[2] Plaintiff alleges Benjamin Allen III is Virginia Allen's father. (Doc. 17 at 12).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

## III. ANALYSIS

### A. Claims Under the DTSA and TUTSA (Counts 1 and 4)

"Because the DTSA and TUTSA are both based on the Uniform Trade Secrets Act, 'a substantial number of provisions in the two statutes—including the definition of 'trade secret'—

are either identical or very similar in many respects.'" *DBG Group Investments, LLC V. Puradigm, LLC*, No. 3:21-CV-678-S, 2022 WL 313435, at *2 (N.D. Tex. Feb. 2, 2022) (quoting *Phazr, Inc. v. Ramakrishna*, No. 3:19-CV-01188-X, 2020 WL 5526554, at *3 (N.D. Tex. Sept. 14, 2020) (internal quotation omitted)). Furthermore, as pled, the alleged trade secrets at issue in Plaintiff's claims under the DTSA and TUTSA are the same. For those reasons, the Court addresses Defendants' Motion—seeking to dismiss the DTSA and TUTSA claims—jointly.

To state a DTSA claim, "a plaintiff must allege: (1) a trade secret; (2) misappropriation; and (3) use in interstate commerce." *Phazr*, 2020 WL 5526554, at *3 (quoting *Marek Bro. Sys., Inc. v. Enriquez*, No. 3:19-CV-01082, 2019 WL 3322162, at *3 (N.D. Tex. July 24, 2019)) (internal quotation marks omitted). TUTSA requires a similar showing of the existence of a trade secret that was misappropriated but does not require use in interstate commerce. *See* TEX. CIV. PRAC. & REM. CODE §§ 134A.002, 134A.004.[3]

The DTSA and TUTSA both define "trade secret" to include scientific and technical information, such as "any formula [or] design," that (1) the owner has taken reasonable measures to keep secret and (2) derives independent economic value from not being generally known or readily ascertainable through proper means. *See* 18 U.S.C. § 1839(3); TEX. CIV. PRAC. & REM. § 134a.002(6). "Whether a trade secret exists is a question of fact." *GlobeRanger Corp. v. Software AG United States of Am., Inc.*, 836 F.3d 477, 492 (5th Cir. 2016) (citing *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874 (5th Cir. 2013)).

---

[3] *See, e.g.*, *Snowhite Textile & Furnishings, Inc. v. Innvision Hosp., Inc.*, No. 05-18-01447-CV, 2020 WL 7332677, at *4 (Tex. App. Dec. 14, 2020) ("the elements of trade secret misappropriation under TUTSA are: (i) a trade secret existed; (ii) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; (iii) the trade secret was used without authorization; and (iv) the trade secret owner suffered damages as a result.") (internal citations omitted).

Regarding "misappropriation," the DTSA and TUTSA both include (i) "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," and (ii) "disclosure or use of a trade secret of another without express or implied consent by a person who used improper means to acquire knowledge of the trade secret," or had reason to know that the trade secret was derived using improper means. 18 U.S.C. § 1839(5); TEX. CIV. PRAC. & REM. § 134a.002(3). "Improper means" includes theft, misrepresentation, and "breach or inducement of a breach of a duty to maintain secrecy." 18 U.S.C. § 1839(6)(A); TEX. CIV. PRAC. & REM. § 134a.002(2).

Defendants' attacks on Plaintiffs' trade secret misappropriation claims under the DTSA and TUTSA are based on the assertions that (i) Plaintiffs have not plausibly pled the existence of a trade secret; (ii) Plaintiffs failed to sufficiently plead misappropriation; and (iii) Plaintiffs have presented no plausible allegation of damages. (Doc. 23 at 12-21). Applying the facial plausibility standard of *Twombly* and *Iqbal*, and accepting all well-pleaded facts as true and viewed in the light most favorable to Plaintiff, the Court concludes that Plaintiff has asserted plausible claims for trade secret misappropriation under both the DTSA and TUTSA. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678-79; *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Here, the First Amended Complaint alleges the existence of a trade secret—including Pro Mineral's research on leases, confidential business plans, information learned from operators and producers in the oil and gas field, contact information for potential customers, knowledge of "mineral plays," and title analysis information. (Doc. 17 at 4-12). The First Amended Complaint alleges the method Plaintiffs used to protect their alleged trade secret—requiring "workers to sign non-disclosure/non-compete agreements before being provided any confidential information." (Doc. 17 at 9). The First Amended Complaint alleges that—after Virginia Allen and Marietta

began work at Pro Mineral—they both disclosed Pro Mineral's alleged trade secrets and confidential information to Benjamin Allen III and HRLP, thereby allegedly breaching the "non-disclosure/non-compete agreements." (Doc. 17 at 11-12, 16). Last, the First Amended Complaint asserts that Plaintiffs' alleged trade secret and confidential information were used in interstate commerce. (Doc. 17 at 10-12). At the pleading stage, these facts are sufficient to state claims for trade secret misappropriation under the DTSA and TUTSA. For those reasons, Defendant's Motion is DENIED as to Plaintiffs' corresponding claims under the DTSA and TUTSA—Counts 1 and 4.

### B. Breach of Contract (Count 2)

At the outset, the Court notes there is some confusion between the Parties about Plaintiffs' breach of contract claims. The Parties appear to agree that the respective agreements—or a portion thereof—are to be governed by Oklahoma law, as agreed between (i) Pro Mineral and (ii) both Virginia Allen and Marietta. (Doc. 23 at 15-17; Doc. 26 at 23). But, in briefing, the Parties direct the Court to Texas law and Oklahoma law. (Doc. 23 at 15-17; Doc. 26 at 23). Controlling law notwithstanding, the Court herein concludes Plaintiffs have plead facts sufficient to state claims for breach of contract.

Under Texas law, the elements for a breach of contract are:

(1) a valid contract exists;
(2) the plaintiff performed or tendered performance as contractually required;
(3) the defendant breached the contract by failing to perform or tender performance as contractually required; and
(4) the plaintiff sustained damages due to the breach.

*Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Similarly, under Oklahoma law, the elements for breach of contract are:

(1) the formation of a contract,
(2) breach of the contract, and

    (3) damages as a result of that breach.

*Cates v. Integris Health, Inc.*, 2018 OK 9, ¶ 11, 412 P.3d 98, 103.

    Defendants refer to an appendix of extrinsic evidence in their briefing for the breach of contract claim. (Doc. 24). However, Defendants offer no authority as to why such extrinsic evidence should be considered in this Rule 12(b)(6) motion. In determining a motion to dismiss under Rule 12(b)(6), the general rule is that a court may only consider factual allegations within the "four corners" of the complaint. *Morgan v. Swanson,* 659 F.3d 359, 401 (5th Cir. 2011). However, The Fifth Circuit has crafted an exception to the "four corners" rule. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Under the *Collins* exception, a court may consider extrinsic documentary evidence in the context of a Rule 12(b)(6) motion if: (i) the document is attached to a defendant's motion to dismiss; (ii) the document is referred to in the plaintiff's complaint; and (iii) the document is "central" to the plaintiff's claims. *Collins,* 224 F.3d at 498–99. While the first two elements are straightforward, the Fifth Circuit has not "articulated a test for determining when a document is central to a plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.,* 453 B.R. 645, 662 (N.D. Tex. 2011).

    Here, neither Party has briefed the propriety of considering the facts within Defendants' appendix nor whether the appendix documents are "central" to Plaintiffs' claims. The Court declines to consider the appendix in deciding this Rule 12(b)(6) motion to dismiss. Furthermore, the Court declines to convert Defendant's motion to dismiss to a summary judgment in accordance with Rule 12(d). *See* Fed. R. Civ. P. 12(d).[4]

---

[4] Rule 12(d) provides for conversion of a motion to dismiss to a motion for summary judgment under Rule 56:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment

The above issues of extrinsic evidence notwithstanding, the First Amended Complaint alleges (i) Virginia Allen and Marietta entered into "non-compete/non-disclosure" contracts with Pro Mineral; (ii) Pro Mineral shared alleged trade secrets or confidential information with Virginia Allen and Marietta; (iii) Virginia Allen and Marietta breached the "non-compete/non-disclosure" contracts by disclosing alleged trade secrets or confidential information to Benjamin Allen III and HRLP; and (iv) Plaintiffs sustained damages as a result of the breach. (Doc. 17 at 4-12, 15-17). The Parties have some briefing as to whether the non-compete agreement(s) are enforceable or void under Oklahoma law, but, coupled with the Court's decision above to decline considering extrinsic evidence, the Court pretermits such adjudication. At the pleading stage, the facts Plaintiffs have pled in their First Amended Complaint are sufficient to state claims for breach of contract. For those reasons, Defendant's Motion is DENIED as to Plaintiffs' corresponding claims breach of contract—Count 2.

### C. Conspiracy and Breach of Fiduciary Duty Claims (Counts 3 and 5)

Defendants assert that Plaintiffs' civil conspiracy and breach of fiduciary duty claims are preempted by TUTSA. As pled, Plaintiffs' civil conspiracy claims (against all Defendants) and breach of fiduciary claims (against Defendants Virginia Allen and Marietta) are based on the same conduct upon which Plaintiffs base their TUTSA claims. (Doc. 17 at 17-20). In light of the First Amended Complaint and the Parties corresponding briefing, the Court agrees that the TUTSA preempts Plaintiffs' civil conspiracy and breach of fiduciary claims.

TUTSA's preemption provision states:

---

under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

> (a) Except as provided by Subsection (b), this chapter displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.
> (b) This chapter does not affect:
>> (1) contractual remedies, whether or not based upon misappropriation of a trade secret;
>> (2) other civil remedies that are not based upon misappropriation of a trade secret; or
>> (3) criminal remedies, whether or not based upon misappropriation of a trade secret.

TEX. CIV. PRAC. & REM. CODE § 134A.007. In *Computer Sciences Corporation v. Tata Consultancy Services Limited*, another court in the Northern District discussed the nature of TUTSA preemption:

> While the Fifth Circuit Court of Appeals has not addressed the scope of TUTSA's preemption provision, district courts in this circuit have found that to the extent a plaintiff's tort claim is premised on the same facts as its claim for misappropriation, it is preempted. *See*, e.g., *StoneCoat of Texas, LLC v. ProCal Stone Design*, LLC, No. 4:17CV303, 2019 WL 4346538, at * (E.D. Tex. Sept. 12, 2019); *ScaleFactor, Inc. v. Process Pro Consulting, LLC*, 394 F. Supp. 3d 680, 686 (W.D. Tex. 2019) (breach-of-fiduciary-duty claim is preempted only insofar as it relies on allegations that defendants misappropriated trade secrets); *360 Mortgage Group, LLC v. Homebridge Financial Servs., Inc.*, No. A-14-CA-847-SS, 2016 WL 900577, at *6-8 (W.D. Tex. March 2, 2016). They found that TUTSA was intended to preempt all claims based on misappropriation of a trade secret, and to allow multiple theories of relief for the same underlying harm would be to read the preemption provision too narrowly. *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, No. 1:17-CV-444-RP, 2018 WL 315753, at *3 (W.D. Tex. Jan. 5, 2018). A claim will not be preempted if the plaintiff can show that the claim is based on facts unrelated to the misappropriation of the trade secret. *360 Mortg. Grp.*, 2016 WL 900577, at *6.

*Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.*, No. 3:19-CV-970-X(BH), 2020 WL 2487057, at *7 (N.D. Tex. Feb. 7, 2020), *report and recommendation adopted*, No. 3:19-CV-00970-X, 2020 WL 1428941 (N.D. Tex. Mar. 24, 2020). Since then, yet another court in the Northern District has discussed the same:

> "District courts in the Fifth Circuit have fairly consistently applied the rule that TUTSA preempts a claim for conspiracy unless the plaintiff can show the claim is based on facts unrelated to the trade secret misappropriation." *Vest Safety Med. Servs., LLC v. Arbor Envtl., LLC*, No. 4:20-CV-0812, 2022 WL 2812195, at *3

>(S.D. Tex. June 17, 2022) (citing cases), *report and recommendation adopted*, No. 4:20-CV-0812, 2022 WL 2806544 (S.D. Tex. July 18, 2022); *see Trueblue, Inc. v. DeRuby*, 3:18-CV-0192-M, 2018 WL 1784523, at *2 (N.D. Tex. Apr. 13, 2018) ("Courts interpreting the nearly identical provision of the Uniform Trade Secrets Act have uniformly held that a claim is not preempted if the plaintiff is able to show the claim is based on facts unrelated to the misappropriation of the trade secret.") (citations omitted).

*DeWolff, Boberg & Assocs., Inc. v. Pethick*, No. 3:20-CV-3649-L, 2022 WL 4589161, at *5 (N.D. Tex. Sept. 29, 2022). The Court adopts the reasoning of both the *Computer Sciences Corporation* and *Pethick* courts. *See Computer Scis. Corp.*, 2020 WL 2487057, at *7; *Pethick*, 2022 WL 4589161, at *5.

Here, Plaintiffs' claims for civil conspiracy and breach of fiduciary duty are based on the same activity alleged in their claims under TUTSA. (Doc. 17 at 17-20). Plaintiffs offer no facts independent of its misappropriation of trade secrets claim under TUTSA to plausibly entitle them to relief on their civil conspiracy and breach of fiduciary duty claims. In other words, Plaintiffs have failed to show facts unrelated to the trade secret misappropriation. Indeed, Plaintiffs appear to concede their attempt to plead multiple theories of relief—civil conspiracy and breach of fiduciary duty—for the same underlying harm for misappropriation in their briefing on this issue: "Plaintiffs argue breach of fiduciary duty and civil conspiracy in the alternative, if the jury were to find that the information is not a trade secret under the DTSA." (Doc. 26 at 26).[5] In effect, Plaintiff asks the Court to read TUTSA's preemption provision too narrowly. The Court declines to frustrate the purpose of TUTSA in such a manner. *See Embarcadero Techs., Inc. v. Redgate Software, Inc.*, No. 1:17-CV-444-RP, 2018 WL 315753, at *3 (W.D. Tex. Jan. 5, 2018).[6] For those

---

[5] Notwithstanding, the First Amended Complaint makes no such pleading in the alternative. (*See* Doc. 17 at 12-20).

[6] In *Redgate*, the court discussed that:

reasons, the Court GRANTS Defendant's Motion as to Plaintiffs' civil conspiracy and breach of fiduciary claims—Counts 3 and 5.

### D. Declaratory Judgment (Count 6)

Defendants assert Plaintiffs declaratory judgment action(s) should be dismissed because (i) Plaintiffs' claim under the Texas Declaratory Judgments Act is not viable in federal court and (ii) Plaintiffs' claim under the Federal Declaratory Judgment Act should be dismissed "as duplicative of their substantive claims." (Doc. 23 at 28). Plaintiffs do not respond to Defendants' arguments regarding the declaratory judgment claims.

By failing to respond to the Defendant's arguments, Plaintiffs have failed to sustain their burden of proof and have abandoned those claims. *See In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (finding that plaintiff abandoned his malicious civil prosecution claim where he failed to respond to defendant's arguments in motion to dismiss); *Black v. North Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding that plaintiff's failure to defend her retaliatory abandonment claim in response to defendant's motion to dismiss "constituted abandonment"). Furthermore, the Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201. *Winton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (noting that the Declaratory Judgment Act is "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant."). Here, as

---

The underlying purpose of the TUTSA preemption provision is, as many courts have noted, to "prevent inconsistent theories of relief for the same underlying harm by eliminating alternative theories of common law recovery which are premised on the misappropriation of a trade secret." *Id.* (quoting *Smithfield Ham & Prod. Co. v. Portion Pac, Inc.*, 905 F. Supp. 346, 348 (E.D. Va. 1995)). To narrow the preemption's application exclusively to information that qualifies as a trade secret under the statute would frustrate this purpose.

*Embarcadero Techs., Inc. v. Redgate Software, Inc.*, No. 1:17-CV-444-RP, 2018 WL 315753, at *3 (W.D. Tex. Jan. 5, 2018).

pled, Plaintiffs' declaratory judgment action seeks relief that is a mirror image of their breach of contract claim:

> Plaintiffs seek a declaration that the non-compete and non-disclosure provisions in the contracts with Defendants Marietta and Allen are valid as least as to the leases at issue in this lawsuit, that Defendants Allen and Marietta have breached their non-compete contracts, and that any further work regarding leases or information learned while Defendants Allen and Marietta were contracted to Plaintiff constitute continuing breaches.

(Doc. 17 at 20). As another court in the Northern District has discussed:

> In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit. *See, e.g., Xtria LLC v. Tracking Sys., Inc.,* No. 3:07-CV-0160, 2007 WL 1791252, at *3 (N.D.Tex. Jun.21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.,* No. 3:05-CV-0880, 2006 WL 3691003, at *17 (N.D.Tex. Dec.14, 2006) (same); *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.,* No., 2006 WL 2285575, at *3 (N.D.Tex. Aug.9, 2006) (dismissing counterclaim for declaratory judgment while noting that "a motion for declaratory judgment that merely restates a party's defenses is insufficient"); *Albritton Props. v. Am. Empire Surplus Lines,* No. 3:04-CV-2531, 2005 WL 975423, at *2 (N.D.Tex. Apr.25, 2005) (granting Rule 12(b)(6) motion dismissing counterclaim for declaratory judgment where the disputed issues were already pending before the court); and *Kogul v. Xspediou Mgmt. Co.,* No. 3:04-CV-2518, 2005 WL 1421446, at * 4 (N.D.Tex. Jun.1, 2005) (dismissing declaratory actions that sought resolution of matters already to be resolved in the ongoing lawsuit).

*Regus Mgmt. Grp., LLC, v. Int'l Bus. Mach. Corp.*, No. CIV.A.3:07-CV-1799-B, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008). Notwithstanding, Plaintiffs' final request for declaratory relief appears to request determination of rights and circumstances of not only the Parties, but also lessors and potential lessees not before this Court. (Doc. 17 at 20).[7] For those reasons, the Court GRANTS Defendant's Motion as to all of Plaintiffs' claim(s) for declaratory judgment—Count 6.

---

[7] The final portion of Plaintiffs' declaratory judgment states:

> Plaintiff further seeks a declaration that the lease contracts entered into by Hydrocarbon Resources, L.P. are the property of Pro Mineral, LLC due to being entered into with

## IV. CONCLUSION

The Court DENIES Defendant's Motion to Dismiss as to Plaintiffs' claims under the DTSA (Count 1); claims under the TUTSA (Count 4); and claim for breach of contract (Count 2). The Court GRANTS Defendant's Motion to Dismiss and thereby DISMISSES only Plaintiff's claims for civil conspiracy (Count 3); claims for breach of fiduciary duty (Count 5); and claims for declaratory judgment (Count 6).

**SO ORDERED.**

8th day of March, 2023.

ADA BROWN
UNITED STATES DISTRICT JUDGE

---

Plaintiffs' confidential information and that all revenues, payments, monies collected, and other benefits of those leases must be disgorged to Plaintiffs.

(Doc. 17 at 20).